UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HOWELL O. ATKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-0450-TS |
| ) | |
| BILL WILSON, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Howell Atkins filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the judgment of conviction entered against him on April 7, 1989, by the St. Joseph Superior Court, for assisting a criminal and being an habitual offender. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing Section 2254 Cases, Rule 4. This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions that obviously lack merit.

The petitioner appealed to the Indiana Court of Appeals, which affirmed his convictions on October 23, 1990. The Indiana Supreme Court denied transfer in 1991. On May 3, 1993, Atkins filed a petition for writ of habeas corpus challenging his conviction in *Atkins v. Wright*, 3:93cv113 AS, which this court denied on July 30, 1993. On May 5, 1993, Mr. Atkins filed another petition for writ of habeas corpus challenging his conviction in *Atkins v. Wright*, 3:93cv308 AS, which this court denied on January 31, 1994. The United States Court of Appeals for the Seventh Circuit dismissed the petitioner's appeal on February 2, 1995.

Federal law provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28

U.S.C. § 2244(b)(1). Morever,

> Before a second or successive application permitted by [28 U.S.C. § 2244(b)(2) which was not presented in a prior application] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Atkins has not obtained an order from the court of appeals permitting him to file a second or successive petition either seeking another review of issues presented in his original petition or to present issues not presented in 3:93cv308 AS. "A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Accordingly, the Court **DISMISSES** this petition for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on November 20, 2007.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION